## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BETONSPORTS PLC, et al, | ) |
| | ) |
| Defendants. | ) |

Case No. 4:06CR337CEJ(MLM)

## **ORDER**

This matter is before the court on defendant Neil S. Kaplan's Motion for Production of

Grand Jury and Trial Jury Materials.[1] [Doc. 110-1 and 110-2] The government Responded.

[Doc. 112]

The Jury Selection and Service Act, 28 U.S.C. § 1861 et seq. ("the Act") states that it is "the

policy of the United States that all litigants in Federal courts entitled to a trial by jury shall have the

right to grand and petit juries selected at random from a fair cross section of the community..." 28

U.S.C. § 1861.

28 U.S.C. § 1867(f) states in pertinent part:

The contents of records or papers used by the jury commission or clerk in
connection with the jury selection process shall not be disclosed, except pursuant
to the district court plan or as may be necessary in the preparation or presentation
of a motion under subsection (a), (b), or (c) of this section, until after the master
jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title
and all persons selected to serve as jurors before the master wheel was emptied have
completed such service. The parties in a case shall be allowed to inspect, reproduce,
and copy such records or papers at all reasonable time during the preparation and
pendency of such a motion. ...

---

[1]     It is to be noted that the court's Order Concerning Pretrial Motions specifically
directs that requests for discovery be styled "request" not "motion". It is only when a request has
been made, and the government has refused to provide the requested materials that a party may
file a motion to compel accompanied by a certification by counsel that there is a good faith belief
that the materials exist and that the parties have conferred in an effort to resolve the matter and
resolution was unsuccessful. Defendant's motion does not contain the required certification.
Normally, the court would deny a discovery motion for failure to comply with the court's Order
Concerning Pretrial Motions. However, the instant motion is somewhat unusual in the Eastern
District of Missouri. The court will therefore address the motion on its merits.

Defendant's Motion does not state that he requests the jury selection materials for the purpose of preparing or presenting a motion to dismiss the indictment or stay the proceedings on the grounds of substantial failure to comply with the provision of the Act as required by subsection (a). However, his Memorandum in Support of the Motion for Discovery does reference case law dealing with compliance "in contemplation of a motion challenging the selection..." Memorandum in Support at 3. The court will assume that the basis for defendant's Motion is the preparation or presentation of a motion to dismiss the indictment or stay the proceedings for substantial failure to comply with the provisions of the Act. 28 U.S.C. § 1867(f).

The Eighth Circuit has interpreted the Act to provide defendant with a broad right to inspect ministerial jury selection materials maintained by the Clerk of the Court after all the persons selected to be jurors in a particular venire have completed their service. United States v. Alden, 776 F.2d 771, 775 (8th Cir. 1998). Even if the defendant's anticipated challenges are without merit, the defendant may still inspect the records. Id.

The Supreme Court has held that §1867(f) establishes "essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Id. The only limitation is that the disclosure of the information be at reasonable times. Id. at n.4.

## A.    Grand Jury Materials

Defendant has requested nine categories of materials applicable to the grand jury which indicted him. The indictment was filed June 1, 2006 thus the pertinent grand jury is the one which was sitting at that time. Defendant is entitled to examine the information to the extent it has been retained by the Clerk of the Court pursuant to 18 U.S.C. § 1868 and is available to the public pursuant to 28 U.S.C. § 1867(f). The description of the materials requested by defendant is not always clear as to the scope of the request. The undersigned has therefore requested that the Clerk of the Court comment on the availability of the nine requested categories of materials and he has

- 2 -

done so. See Exhibits 1-4, attached hereto and incorporated by reference as if fully set out herein. To the extent defendant is requesting public materials with respect to the grand jury which indicted him, the Motion will be granted consistent with the statement of availability by the Clerk of the Court. The names and street addresses of jurors (but not city or municipality) shall be redacted.

To the extent that defendant is seeking documents or reports not available to the public, the Motion is insufficient and/or premature. Section 1867(d) of the Act provides in pertinent part:

(d)     Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, and relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. ...

Defendant has not as yet filed a motion pursuant to subsection (a) of § 1867.[2] Such a motion requires, as set out above, a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Act. Defendant may elect to file such a motion after he has inspected the public materials and if, at that time, he wishes to present non-public material in support he may move to do so. To the extent the motion seeks non-public materials such as specified in § 1867(d), it will be denied at this time, with leave to re-file at the appropriate time and in the appropriate manner.

## B.     Petit Jury Materials

Defendant requests jury selection materials for the petit venire and jury to which this case is to be tried. At the present time no trial date has been set in this case. The Evidentiary Hearing is not even scheduled until January 22, 2007. The trial date could not therefore possibly be before late February or March of 2007. The petit venire for this time frame does not even exist and thus pertinent materials cannot be supplied to defendant. The motion for these materials is premature and will be denied at this time, with leave to re-file at the appropriate time.

---

[2]     Subsection (a) deals with motions filed by a defendant in a criminal case. Subsection (b) applies to the government and subsection (c) applies to civil cases.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Production of Grand Jury Materials, to the extent it requests public materials, is **GRANTED** pursuant to the explanation and comments of the Clerk of the Court. [Doc. 110-1]

**IT IS FURTHER ORDERED** that the Motion for Production of Grand Jury Materials, to the extent it request non-public materials, is **DENIED** without prejudice at this time as more fully set out above. [Doc. 110-1]

**IT IS FURTHER ORDERED** that the Motion for Production of Petit Jury Materials is **DENIED** without prejudice at this time as more fully set out above. [Doc. 110-2]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this __7th__ day of September, 2006.

- 4 -