# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CR337CEJ(MLM) |
| | ) | |
| BETONSPORTS PLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE REGARDING SEVERANCE

This matter is before the court on the Motion for Severance filed by defendants Monica Lenis [Doc. 185], Neil S. Kaplan [Doc. 234], Tim Brown [Doc. 250] and William Luis Lenis [Doc. 256]. The government filed a Response [Doc. 207] to defendant Monica Lenis' Motion and a Consolidated Response [Doc. 281] to the other three defendants' Motions.

The Motions are substantially similar and raise substantially identical issues.

## A.      JOINDER

In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). In determining before trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment. Id. at 655; United

States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In this case, the actions of the defendants are factually interrelated.

Each defendant is charged in Count I of the Indictment (Racketeering Conspiracy). Thus it is clear on the face of the Indictment that joinder is proper. In addition, defendant Monica Lenis is charged in Count 13 (Interstate Transportation of Gambling Paraphernalia). It is not necessary that all defendants be charged in all counts. United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989). In the present case the defendants do not allege they were misjoined. Generally speaking, Rule 8 is to be liberally construed in favor of joinder. Id. The court finds that joinder is proper.

## B.     SEVERANCE

Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

Defendants claim they will be prejudiced by a joint trial because (1) most of the evidence to be adduced at trial does not relate to them and they will suffer real prejudice because a jury will not be able to separate the small amount of evidence applicable to them from the large amount of evidence applicable to their co-defendants, and (2) they will suffer economic hardship if required to participate in a long trial of all the allegations against the other co-defendants and the four corporate defendants, rather than a short trial of the allegations directed specifically to them individually.[1]

When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific

---

[1]     It is not clear whether the defendants are asking for individual trials or merely trials separate from co-conspirators BetOnSports PLC and David Carruthers. However, William Luis Lenis suggests that severance of the Lenis co-defendants and the Lenis companies would be appropriate. William Luis Lenis' Motion at 4.

trial right of one of the defendants." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." <u>Zafiro</u>, 506 U.S. at 577; <u>United States v. Shivers</u>, 66 F.3d 938, 939 (8th Cir.), <u>cert. denied</u>, 116 S.Ct. 581 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." <u>United States v. Lane</u>, 474 U.S. at 449, <u>quoting</u> <u>Bruton v. United States</u>, 391 U.S. 123, 134 (1968); <u>United States v. Cadwell</u>, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant factors cannot be fully evaluated until during trial, <u>e.g.</u>, the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. <u>United States v. Sazenski</u>, 833 F.2d 741, 745-46 (8th Cir. 1987), <u>cert. denied</u>, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." <u>United States v. Stephenson</u>, 924 F.2d 753, 761 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 63 (1991); <u>United States v. Drew</u>, 894 F.2d 965, 968 (8th Cir.), <u>cert. denied</u>, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." <u>Zafiro</u>, 506 U.S. at 540. <u>See</u> <u>also</u> <u>Layton v. South Dakota</u>, 918 F.2d 739, 744 (8th Cir. 1990), <u>cert. denied</u>, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, <u>United States v. Pou</u>, 953 F.2d 363, 369 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, <u>United States v. Pecina</u>, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, <u>United States v. Sparks</u>, 949 F.2d 1023, 1027 (8th Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." <u>United States v. Garret</u>, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial <u>per se</u>." <u>Zafiro</u>, 506 U.S. at 538. In the present case the defendants do not allege antagonistic defenses.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant. Bruton, 391 U.S. at 136 (1968). However, such prejudice may be avoided by the redaction from the confession of any reference to the co-defendant. United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982). In the present case there is no evidence before the court that the government intends to offer a confession of one defendant that will incriminate a co-defendant. Bruton-type statements are therefore not an issue at this time.

As noted above the defendants raise two grounds for requesting severance:

1.)    **Jury Confusion**

To overcome the preference for joint trials, the defendant seeking a severance must demonstrate that actual prejudice will result to him or her in a joint proceeding:

> Severance may only be granted upon defendant's showing of real prejudice. A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.

United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003). The parties do not argue that their defenses are irreconcilable. They argue that the jury will be unable to compartmentalize the evidence.

There is no question that this is a broad case and that discovery is voluminous. There is also no question that a significant part of the government's evidence at trial will deal with BetOnSports, its gambling activities and financial affairs. The evidence relating to the Lenis family and companies with which the movant-defendants are associated, will not be as extensive. However, designation of a case as "complex litigation" has more to do with the time necessary for conducting discovery and trial than whether the case is complicated and difficult to understand. As the government pointed out in its Motion for Designation as a Complex Case [Doc. 45]:

> The charges alleged in the Indictment are not inherently complex. While the Racketeering Influenced and Corrupt Organizations (RICO) statute does allow the charging of complex organizations, the RICO Enterprise alleged in this case is not overly complicated. . . .

The defendants admit that severance is not required because a defendant did not personally participate in every act charged constituting the charged offense(s) nor because the defendant stands a better chance of acquittal, nor because the evidence against a co-defendant may be more weighty or damaging. See United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). "What is required for severance is a specific showing that a jury could not be reasonably expected to compartmentalize the evidence." Id. None of the defendants has made the required showing. There is no reason a jury could not recognize, with appropriate instruction(s), what evidence is relevant and material to each of the defendants. There is not necessarily a correlation between the volume of evidence and inevitable confusion.

Severance is required only when there is a showing that "real prejudice" will result from a joint trial. United States v. Williams, 923 F.2d 76, 78 (8th Cir.), cert. denied, 502 U.S. 841 (1991). No such showing has been made. The defendants have not established that the disparity in the

quantity of the evidence could not be effectively handled by appropriate instructions from the court.[2]

## 2.    Economic Hardship

As an initial matter, the court has not been able to find, nor have the parties cited, any case that holds economic hardship is grounds for severance.  Defendants argue they will suffer "economic prejudice" from having to pay substantial legal fees for a multi-month trial and their "legitimate marketing and advertising business will be devastated" by their absence.  <u>See</u> Monica Lenis' Motion at 9.  The defendants argue this financial hardship will result in real prejudice. Defendants have alleged that the trial of this case could take five months.[3]  The source of the information that this will be a multi-month trial is not clear.  The government has said its case in chief should take no longer than five to six weeks.  The court finds that while the defendants may suffer some economic hardship, it is not legal grounds to justify severance nor does it constitute "real prejudice" as required by law.  <u>Washington</u>, 3108 F.3d at 858.

## 3.    Balancing

When defendants have been properly joined in an indictment, a motion to sever is addressed to the sound discretion of the trial court and the trial court must "balance the inconvenience and expense of separate trials against the prejudice to the co-defendants of a joint trial."  <u>United States v. Anthony</u>, 565 F.2d 533, 538 (8th Cir. 1977).  The Eighth Circuit has recognized "that when 'the indictment invites joint proof. . .prima facie validity of joinder is showed.'" <u>United States v. Rimell</u>, 21 F.3d 281, 289 (8th Cir. 1994) (internal citations omitted).

---

[2]    Defendant Neil S. Kaplan argues the government has alleged the RICO enterprise began in 1992.  "Defendant Neil Kaplan allegedly did not begin his employment with the company until approximately year 2000 and left the company in year 2003."  Neil Kaplan's Motion at 4-5. Again, there is no showing that this evidence could not be effectively handled by an appropriate instruction.

[3]    <u>See</u> Defendant Neil S. Kaplan's Motion at 2; William Luis Lenis' Motion at 3.

If evidence and/or testimony would be admissible against the defendants in a separate trial there can be no prejudice in a joint trial. <u>United States v. Flores</u>, 362 F.3d 1030, 1041 (8th Cir. 2004).

The government argues that in order to prove its RICO conspiracy case it will have to prove:

1. The enterprise existed as alleged in the Indictment;
2. The enterprise was engaged in or had some effect on interstate commerce;
3. The defendant was associated with or employed by the enterprise;
4. That on or about the date alleged in the Indictment, two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and
5. That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding, he/she specifically intended to otherwise participate in the affairs of the enterprise.

Government's Response at 9 citing as its source, Eighth Circuit Model Criminal Jury Instructions 6.8.1962B (2003).

In order to prove its case, the government will have to offer the same general evidence against the movant defendants as against their co-defendants. In addition, the government will have to adduce specific evidence to prove an agreement between each defendant and at least one co-defendant. Although three of the movant-defendants state they would stipulate to the gambling and associated financial transactions conducted by the Kaplan Gambling Enterprise[4], the government argues this is highly unlikely because these are elements of the offense. It is also unlikely that a separate trial would be significantly shorter than a joint trial.

Separate trials would place a significant burden on the government's witnesses (and most likely defense witnesses as well). The interests of judicial economy weigh heavily in favor of a joint trial. In addition, the interests of justice are served "by avoiding the scandal and inequity of inconsistent verdicts." <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993) <u>quoting</u> <u>Richardson v. Marsh</u>, 481 U.S. 200, 210 (1987). The <u>Anthony</u> balancing test of the inconvenience and expense of

---

[4] Defendant Tim Brown does not say he would so stipulate.

separate trials against prejudice to the defendants in a joint trial weighs in favor of a joint trial. Anthony, 564 F.2d at 538. "Trying co-defendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) quoting United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Monica Lenis' Motion for Severance be **DENIED**. [Doc. 185]

**IT IS FURTHER RECOMMENDED** that Neil S. Kaplan's Motion for Severance be **DENIED**. [Doc. 234]

**IT IS FURTHER RECOMMENDED** that Tim Brown's Motion for Severance be **DENIED**. [Doc. 250]

**IT IS FURTHER RECOMMENDED** that William Luis Lenis' Motion for Severance be **DENIED**. [Doc. 256]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  15th  day of March, 2007.