UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-337(CEJ) |
| | ) | |
| GARY STEPHEN KAPLAN and | ) | |
| NEIL KAPLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petitions of claimants William Waters, Peter Nguyen, Joshua Green, Pat Cicalese, James R. Thompson, Jack K. Rohrer and Michael J. Eisenberg. The United States seeks the dismissal of each of these petitions pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure.

On August 14, 2009, defendant Gary Kaplan entered a plea of guilty to Counts 1, 8, 17, 18 and 19 of the Third Superseding Indictment. Defendant Gary Kaplan also agreed to the forfeiture of approximately $43,650,000 in United States currency. On that same date, the Court issued a preliminary order of forfeiture, directing that the funds be forfeited to the United States government subject to the proceedings under Title 21 U.S.C. § 853. The third-party petitions of claimants Peter Nguyen, Joshua Green, Pat Cicalese, James R. Thompson, Jack K. Rohrer and Michael J. Eisenberg each claim an interest in the funds being forfeited by defendant Gary Kaplan. Claimant William Waters claims an interest in funds being

forfeited pursuant to a preliminary order of forfeiture relating to defendant Neil Kaplan.

Each of the claimants were customers of the BetonSports companies, and contend that their accounts with BetonSports were frozen as part of the BetonSports liquidation proceedings. Because they were unable to withdraw their funds from their accounts, they claim an interest in the forfeited funds of Gary Kaplan and Neil Kaplan in an amount equal to the amount owed to them by BetonSports. One claimant, Peter Nguyen, bases his claim solely on the fact that he lost over $100,000 through his activities on BetonSports's website, www.betonsports.com.

Once a petition has been filed pursuant to 21 U.S.C. § 853, asserting a legal interest in property which has been ordered forfeited, the Court must determine whether:

> (A) the petitioner has a legal right, title, or interest in the property,…[that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section…

21. U.S.C. § 853(n)(6).

The Court has reviewed the pro se petitions and assumes the factual allegations contained therein to be true. The Court finds that none of the claimants

have demonstrated a legal right, title, or interest in the forfeited funds, nor has any claimant shown that he was a bona fide purchaser for value of the forfeited property. Thus, neither of the two avenues for relief under § 853(n) apply.

The claimants have stated a claim only for funds held in their BetonSports accounts. Those funds are subject to liquidation proceedings in Antigua and are not the same property as that being forfeited by defendants Gary and Neil Kaplan. The funds forfeited by defendant Gary Kaplan were held in trusts that he created as a means to hold the personal profits he derived from his criminal activities. None of the claimants state a legal claim to any of the funds held in these trusts. Likewise, the funds being forfeited by defendant Neil Kaplan originated from a private account used to hide the proceeds of his criminal activities. None of the funds subject to forfeiture originated from the www.betonsports.com accounts of any of the claimants, or from the accounts of any BetonSports customers. Because claimants have failed to show a legal interest in the funds being forfeited in this matter, they lack standing to bring a claim for relief under 21 U.S.C. § 853(n) and their petitions must be dismissed pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States to dismiss the third-party petitions [#1117] is **granted**.

**IT IS FURTHER ORDERED** that the petitions of William Waters [#1106], Peter Nguyen [#1107], Joshua Green [#1108], Pat Cicalese [#1109], James R.

Thompson [#1110], Jack K. Rohrer [#1111] and Michael J. Eisenberg [#1112] are each **dismissed** pursuant to Fed. R. Crim. P. 32.2(c)(1)(A).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2009.